IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ISAAC BARLOW, | : | |
| | : | OPINION |
| Petitioner, | : | Civil No. 3:10-cv-02770 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| | : | |

**WOLFSON, United States District Judge**:

This matter comes before the Court on Petitioner's motion, through counsel, for "Pro Hac Vice Admission With Special Request To Appear Without Joinder of Local Counsel." Petitioner asks the Court to waive the requirement in L. Civ. R. 101.1(c)(4), that out-of-state attorneys admitted *pro hac vice* must associate with a qualified New Jersey attorney who is a member of the bar of this court. For the reasons discussed below, Petitioner's Motion is DENIED.

**BACKGROUND**[1]

This case arises out of Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. §2255. At the time, Petitioner was not represented by counsel and filed his petition *pro se*. After filing, Petitioner's family partially retained Jeffery M. Brandt, Esq., an attorney based out of Kentucky, to appear on behalf of Petitioner and represent him in the pending §2255 motion in this Court. Mr. Brandt is not admitted to practice in this

---

[1] The Court notes that the facts underlying the instant motion are related to Petitioner's criminal prosecution and subsequent state proceedings. For the purposes of judicial economy, those facts are not represented here. Only the facts relevant to the instant motion for *pro hac vice* admission and waiver of the L. Civ. R. 101.1(c)(4) requirement of association of local counsel will be set forth in this Opinion.

1

District and now moves to be admitted *pro hac vice*, additionally requesting that the Court waive L. Civ. R. 101.1(c)(4)'s requirement that out-of-state attorneys admitted *pro hac vice* associate with local counsel. Petitioner requests that the Court admit Mr. Brandt *pro hac vice* to represent him because he has already filed a §2255 motion and believes he has little chance of properly conveying his arguments to the United States and the Court without counsel. Petitioner argues that, despite being charged a reduced fee by Mr. Brandt, he may not be able to retain local counsel in addition to Mr. Brandt, leaving Petitioner no choice but to continue to represent himself *pro se*, therefore the requirement that a New Jersey attorney must move for Mr. Brandt's admission should be waived. Mr. Brandt alleges that he is able to satisfy all the other requirements for *pro hac vice* admission.

## DISCUSSION

In seeking to be admitted *pro hac vice* to represent Petitioner, Mr. Brandt requests that the Court waive compliance with L. Civ. R. 101.1(c)(4), which requires attorneys appearing *pro hac vice* to secure the appearance of local counsel. Mr. Brandt asserts he is a member in good standing of the bar of U.S. District Court for the Eastern District of Kentucky, and is admitted to practice in several other state and federal courts as well. See Petitioner's "Application and Motion for Pro Hac vice Admission With Special Request to Appear Without Joinder of Local Counsel" (hereinafter "Petitioner's Motion") ¶1. Mr. Brandt further avers that no disciplinary proceedings are pending against him in any jurisdiction and no discipline has previously been imposed against him in any jurisdiction, he has never been disciplined or sanctioned by any court or other body having disciplinary authority over attorneys, his *pro hac vice* status has never been

revoked by any court, he has never been convicted of a crime and no criminal charges are currently pending against him, and he has never appeared or applied for *pro hac vice* admission in this district. Id. at ¶4  Mr. Brandt requests waiver of the L. Civ. R. 101.1(c)(4) requirement that he associate with local counsel because Petitioner and his family have severely limited financial resources and, despite being quoted a reduced fee by Mr. Brandt, may be unable to afford to retain local counsel.  Mr. Brandt argues the additional expense of retaining local counsel will impose a hardship on Petitioner and his family.  He further asserts that if he is not allowed to proceed without local counsel, Petitioner may have no choice but to continue to represent himself *pro se* and Petitioner submits that representing himself may prejudice him. Id. at ¶10.

The procedure required for an out-of-state attorney to appear and represent a client in this Court is clearly set forth by L. Civ. R. 101.1.  To be admitted *pro hac vice*, an attorney must be (1) a member of the bar of another federal court or of the highest court of any state, (2) in good standing before such court, (3) not under suspension or disbarment by any court, state or federal, and (4) not admitted to practice by the New Jersey Supreme Court.  L. Civ. R. 101.1.[2]  The Local Rules also require that where an attorney is admitted *pro hac vice*, "an appearance as counsel of record shall be promptly filed by a member of the bar of this Court upon whom all notices, orders and pleadings maybe served …." See L. Civ. R. 101.1(c)(4).  Furthermore, only an attorney admitted to practice in this Court may file papers, enter appearances for parties, sign stipulations, or sign and receive payments on judgments, decrees or orders. Id.; see also Caliendo v.

---

[2]  The Local Rules also require that an attorney admitted *pro hac vice* make a payment to the New Jersey Lawyer's Fund for Client protection, pursuant to New Jersey Court Rule 1:28-2(a). Additionally, a payment of $150.00 is required for each admission payble to the Clerk of the Court. See L. Civ. R. 101.1(c)(2) and (3).

3

Trump Taj Mahal Associates, Civ. No. 03-5145 (JBS), 2007 WL 1361258 at *1 (D.N.J. May 1, 2007); Crawford v. Hendricks, Civ. No. 01-4531, 2009 WL 1209262 at *2 (D.N.J. May 4, 2009).

> The requirement for a New Jersey attorney to enter an appearance serves three important purposes: (1) members of the local bar are familiar with the rules and customs of this court and are expected to educate *pro hac vice* attorneys on, and enforce, those rules and customs; (2) members of the local bar of this court are more readily available than *pro hac vice* attorneys for conferences or other matters which arise in the course of litigation, and; (3) the court looks to members of the local bar to serve as a liaison between it and *pro hac vice* attorneys and to ensure effective communications between the court and *pro hac vice* attorneys.

Crawford, 2009 WL 1209262 at *2 (citing Ingemi v. Pelino & Lentz, 866 F.Supp. 156, 162 (D.N.J. 1994)).

Petitioner alleges Mr. Brandt meets all the requirements for *pro hac vice* admission under Local Rule 101.1(c)(1), but requests to be excused from the requirements of Local Rule 101.1(c)(4) -- that Mr. Brandt associate with local counsel. Petitioner does not cite any authority in support of this motion to waive the requirement that Mr. Brandt associate with local counsel, nor has this Court, in its independent review of the case law, found an instance where such a request has been granted. According to L. Civ. R. 83.2(b), however, the Local Rules, "may be relaxed or dispensed with by the Court if adherence would result in surprise or injustice." Caliendo, 2007 WL 1361258 at *2 (citing L. Civ. R. 83.2(b)). Notwithstanding Rule 83.2(b), motions to excuse compliance with L. Civ. R. 101.1(c)(4) have been denied where the moving party failed to identify any "particular hardship that would make compliance burdensome," Crawford, 2009 WL 1209262 at *2, or otherwise demonstrate "good cause to excuse compliance with L. Civ. R. 101.1(c)(4)," Caliendo, 2007 WL 1361258 at *2.

4

Caliendo, involved two plaintiffs, Mr. and Mrs. Caliendo, representing themselves *pro se*, after their former counsel withdrew his appearance. The husband requested to be admitted *pro hac vice*[3] so he could represent his wife, the co-plaintiff in the case. Mr. Caliendo argued he should be excused from complying with L. Civ. R. 101.1(c)(4)'s requirement that he associate with local counsel because he and his wife had been "unsuccessful in identifying a local attorney to act as their New Jersey counsel." Id. at *1. However, the court was not persuaded that plaintiffs had "exhausted all reasonable efforts to identify a qualified attorney to represent them," noting that the Caliendos' former attorney withdrew his appearance two and a half years before Mr. Caliendo filed for admission *pro hac vice*, and therefore, the plaintiffs "had an adequate opportunity to search for and retain a qualified New Jersey attorney to sponsor his admission." Id. Moreover, the plaintiffs did not present any "evidence to support their professed inability to obtain New Jersey counsel to sponsor their admission" nor "argue that they do not have the financial resources to hire a New Jersey attorney." Id. The court also found that "New Jersey asserts a strong public policy interest in enforcing court rules for *pro hac vice* counsel that … [the] Court will honor" and "that there is 'a very real necessity' to follow the *pro hac vice* requirements set forth in the Local Rules." Id. (quoting Ingemi, supra, 866 F.Supp. at 162). Additionally, the court explained that plaintiffs could not "complain that they are surprised by the requirements in the Local Rules since 'all litigants who wish to bring their cases in a federal court must know and abide by both the Federal and Local Rules of Civil Procedure.'" Id. at *2 (quoting Sheets v. Schlear, 132 F.R.D. 391, 393 (D.N.J. 1990)). Ultimately, the court denied plaintiffs' motion because

---

[3] The husband-plaintiff in Caliendo averred to be a member of the Massachusetts state bar.

5

"plaintiffs had not demonstrated good cause to excuse the requirement that a qualified New Jersey attorney must move for their admission *pro hac vice*." Id.

Crawford involved a similar request by an out-of-state attorney to be excused from compliance with L. Civ. R. 101.1(c)(4).[4] The petitioner's counsel requested waiver of L. Civ. R. 101.1(c)(4) because she believed the "action [would] require few in-court appearances and limited filings." Crawford, 2009 WL 1209262 at *1. As in Caliendo, the petitioner in Crawford did not cite any authority in support of his motion to excuse compliance with L. Civ. R. 101.1(c)(4), nor did the court find any case law granting such a quest in its independent review. Id. at *2. Furthermore, the petitioner did not identify "any particular hardship that would make compliance with the Local Rules burdensome" nor "set forth any reason as to why [petitioner], through his attorney, would be unable to comply with this Court's rules concerning *pro hac vice* admissions." Id. The court found wavier of L. Civ. R. 101.1(c)(4) inappropriate and denied petitioner's motion.

Here, as in Crawford and Caliendo, Petitioner cites no authority in support of his motion to excuse compliance with L. Civ. R. 101.1(c)(4). Nor has this Court, in its independent review of the case law, found an instance where a court has granted a request to waive Local Rule 101.1(c)(4). However, unlike Crawford and Caliendo, Petitioner argues, through counsel, that compliance with the Local Rules would be burdensome and would impose a hardship on Petitioner and his family if adhered to. Specifically, Petitioner argues that he and his family are "financially strapped" and are "unsure whether they will have the funds to retain local counsel even if one of them would agreed

---

[4] Crawford involved a motion to obtain relief from judgment or order pursuant to Fed. R. Civ. P 60(b) following the denial of the petitioner's petitions for writ of habeas corpus. The petitioner obtained new counsel in between filing his initial petition for habeas corpus and filing his motion pursuant to Rule 60(b) All that is of relevance to the instant action is the petitioner's motion, through counsel, to be excused from Compliance with L. Civ. R. 101.1(c)(4).

6

[sic] to take the case." Petitioner's Motion ¶9. Petitioner further argues that "without the ability to proceed solely with the partially retained … counsel he has, [Petitioner] may have no choice but to continue to represent himself *pro se*" and that in doing so he may prejudice himself. Petitioner's Motion ¶10.

This Court is not persuaded that requiring Petitioner, and counsel, to adhere to the requirements of L. Civ. R. 101.1(c)(4) will result in surprise or injustice. Petitioner's motion clearly states that Mr. Brandt explained to Mr. Barlow, and/or his family, that local counsel is required by the rule, Petitioner's Motion ¶9, therefore he cannot seriously argue that adherence to the rule will result in surprise. To show Petitioner's limited financial resources, Mr. Brandt points out that, although he has quoted a reduced fee to enter an appearance and represent Petitioner in the pending §2255 motion, Petitioner's family has not paid the reduced fee in full. Although Petitioner's motion alleges that his financial resources are severely limited, the only evidence of such limitations is that Mr. Brandt currently has not been paid in full. Furthermore, Petitioner has not presented any evidence to support his professed inability to obtain local counsel to sponsor Mr. Brandt's admission.

Moreover, despite the concern that Petitioner may not "have the funds to retain local counsel," no evidence has been presented to indicate that the cost of retaining local counsel is prohibitively expensive. Id. Petitioner's comment: "even if one of them would agreed [sic] to take the case," suggests that no attempt to contact local counsel has been made whatsoever. Id. As the Caliendo court aptly said, "there are thousands of attorneys in New Jersey" and this Court is similarly not persuaded that Petitioner has "exhausted all reasonable efforts to identify a qualified attorney to represent them."

Caliendo, 2007 WL 1361258 at *2.  Indeed, in that connection, Petitioner could have sought a reduced fee arrangement with a New Jersey attorney in the first instance, altogether obviating the need for a *pro hac vice* – local counsel arrangement.

The Court finds Petitioner's claim that he "may have no choice to continue to represent himself *pro se*," unless the Court waives compliance with L. Civ. R. 101.1(c)(4) unpersuasive as well.  Petitioner claims that he will have little chance of conveying his arguments without the assistance of counsel, however, he was able to file his §2255 motion *pro se*.  Thus, it appears he is able to successfully convey his arguments to the court without the assistance of counsel.  As such, this Court finds that Petitioner has not demonstrated good cause to excuse compliance with L. Civ. R. 101.1(c)(4).  In addition, the Court finds that the "strong public policy interest in enforcing court rules for *pro hac vice* counsel that … [the] Court will honor" weighs against excusing compliance with L. Civ. R. 101.1(c)(4).   See Caliendo, 2007 WL 1361258 at *2 (quoting Ingemi, 866 F.Supp. at 162).

**CONCLUSION**

In light of the important public policy purposes served by the requirements of L. Civ. R. 101.1(c)(4) and because Petitioner has not demonstrated good cause to excuse the requirement that a qualified New Jersey attorney must move for Mr. Brandt to be admitted *pro hac vice*, Petitioner's "Application and Motion for Pro Hac Vice Admission with Special Request to Appear Without Joinder of Local Counsel" is DENIED.

DATED:  July 21, 2010                                            /s/ Freda Wolfson
                                                                 United States District Judge