UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ISAAC BARLOW,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civil No. 10-2770 (FLW)<br><br>OPINION |

**APPEARANCES**:

    ISAAC BARLOW, #60363-050
    USP Big Sandy
    P.O. Box 2068
    Inez, Kentucky 41224
    Petitioner *Pro se*

**WOLFSON, District Judge**:

On January 31, 2012, this Court denied the motion under 28 U.S.C. § 2255 filed by Isaac Barlow to vacate his June 20, 2007, conviction in this Court. (Opinion, ECF No. 22.) On October 3, 2012, the Third Circuit denied Barlow's application for a certificate of appealability. (Order, ECF No. 30.) Presently before this Court is Barlow's motion to strike the § 2255 motion denied by this Court and to file another § 2255 motion raising different grounds.[1] This Court will deny Barlow's motion to strike his denied § 2255 motion because, if such a motion were granted, this Court would be allowing Barlow to evade the jurisdictional bar Congress enacted in the Anti-Terrorism and Effective Death Penalty Act against second or successive § 2255 motions.

---

[1] Barlow contends that this Court should grant the motion to strike because, although he filed his § 2255 motion *pro se*, the private attorney who actually prepared the § 2255 motion breached his contract with Barlow and provided ineffective assistance.

## I. BACKGROUND

After a jury convicted Barlow of several drug and conspiracy offenses, on January 29, 2008, this Court sentenced Barlow to life imprisonment, with concurrent terms of 240 months' imprisonment. *See United States v. Barlow,* 307 F.App'x 678 (3d Cir.), *cert. denied,* 129 S.Ct. 2749 (2009) (No. 08-10037). Barlow appealed; the Third Circuit affirmed the judgment and sentence on January 26, 2009, and the Supreme Court denied certiorari on June 1, 2009. *Id.*

On May 27, 2010, using the form provided by the Clerk, Barlow signed (and filed pursuant to the "mailbox rule"), a motion under 28 U.S.C. § 2255 to vacate his sentence. (Section 2255 Motion, ECF No. 1.) The motion raised three grounds: (1) counsel was constitutionally ineffective in failing to object to the government's failure to strictly comply with the requirements of 21 U.S.C. § 851 (the "Three Strikes Provision"); (2) the mandatory life sentence violated the Fifth and Sixth Amendments because the indictment did not charge Barlow with having two or more prior felony drug convictions that would support an increased mandatory sentence of life, and the jury did not find beyond a reasonable doubt that those felony drug convictions were the type of convictions that would support an increased mandatory life sentence; and (3) the life sentence conflicts with Congress's sentencing mandate, as it was greater than necessary to achieve the statutory goals of sentencing, and it violates the doctrine of separation of powers. (Section 2255 Motion, ECF No. 1 at 5-7.)

On June 3, 2010, this Court notified Barlow that, pursuant to *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), Barlow could either have his § 2255 motion ruled on as filed, in which case he would lose his ability to file a second or successive pleading absent authorization from the Court of Appeals, or withdraw his § 2255 motion and file an all-inclusive § 2255 motion (subject to the one year period described by § 2255). (Notice and Order, ECF No. 2.) In response, Barlow signed and filed a hand-written three-page document labeled "Movant[']s Motion To Leave and Amend 28 U.S.C. § 2255 Pursuant To Fed. R. Civ. P. 15(a)(2)." (Amendment, ECF No. 3.) By way of this document,

Barlow amended his § 2255 motion as follows: (1) adding a new ground – Ground Four – asserting that trial counsel was ineffective and denied due process by failing to challenge the sufficiency of the evidence, failing to raise the Three Strikes Provision issue on direct appeal, failing to call cellmates Andre Dennis and Sulton Harris as rebuttal witnesses, failing to move to sever, failing to object to the erroneous jury charge of intimidation of a witness, and failing to request a continuance or change of venue on the basis of publicity; and (2) amending the relief requested to request that the Court vacate the conviction, conduct an evidentiary hearing and allow discovery. *Id.* On July 1, 2010, this Court ordered the United States to file an answer. (Order, ECF No. 4.) On July 8, 2010, Barlow signed (and filed) a Memorandum of Law in support of his amended § 2255 motion. (Memorandum of Law, ECF No. 8.) The memorandum discussed the following five grounds: (1) imposition of a mandatory life sentence violated Barlow's rights to due process and the effective assistance of counsel where the government failed to strictly comply with 21 U.S.C. § 851 and counsel failed to object; (2) counsel was constitutionally ineffective in failing to take certain steps that would have a reasonable probability of resulting in acquittal; (3) appellate counsel was constitutionally ineffective in failing to raise certain issues on appeal; (4) the failure of the indictment to charge predicate offenses in support of a mandatory life sentence and the failure of a jury to find those predicate offenses proved beyond a reasonable doubt violated due process and the Sixth Amendment right to a jury trial; and (5) the district court erred in imposing a mandatory life sentence, as the life sentence conflicted with Congress's sentencing mandate and violated the separation of powers. *Id.* at 3.

In an Opinion filed on January 31, 2012, this Court denied Barlow's amended § 2255 motion on the merits, after considering all the grounds presented in Barlow's Memorandum of Law. (Opinion, ECF No. 22, 2012 WL 274911 (D.N.J. Jan. 31, 2012)). On October 3, 2012, the Third Circuit denied Barlow's application for a certificate of appealability to review his claim that counsel

was ineffective in failing to object to the government's failure to strictly comply with the service requirements of 21 U.S.C. § 851. (Order, ECF No. 30.)

On March 28, 2013, Barlow signed a "MOTION TO STRIKE COUNSEL (JEFFERY BRANDT'S) 2010 28 U.S.C. § 2255 MOTION AS A DIRECT RESULT OF COUNSEL'S BREACH OF CONTRACT/& CONFLICT OF INTEREST AND GRANT RELIEF AND SET AN ORDER ALLOWING MOVANT OT FILE HIS INDEPENDENT/INDIVIDUAL § 2255 MOTION." (ECF No. 31 at 1.) In the motion, Barlow argues that this Court should strike the § 2255 motion which was denied on the merits and allow him to file a new § 2255 motion presenting new grounds, including claims that counsel was constitutionally ineffective prior to trial and during plea negotiations in failing to inform Barlow of the government's plea offer, and that Barlow was prejudiced by the cumulative impact of multiple errors by counsel prior to trial and during plea negotiations. (Defendant's Motion Pursuant to Fed. R. Civ. P. 15(c)(1)(B), ECF No. 31-1 at 84.) Barlow argues that this Court should strike his denied § 2255 motion because the out- of-state attorney whose *pro hac vice* motion this Court denied on July 21, 2010 (Opinion, ECF No. 10), breached the contract for legal services between the attorney and Barlow, misrepresented what counsel would do for Barlow, breached the duty of good faith and fair dealing, and abandoned Barlow, who had to file his § 2255 motion *pro se*. (Motion to Strike, ECF No. 31 at 1-20.)

## II.  DISCUSSION

A.  Jurisdiction

On April 24, 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act, which severely limits a district court's jurisdiction over second or successive § 2255 motions. *See United States v. Miller*, 197 F. 3d 644, 649 (3d Cir. 1999). First, per § 2255(h), the provisions of 28 U.S.C. § 2244(b)(3)(A) apply to a successive § 2255 motion filed in a district court. *See* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of

the appropriate court of appeals . . ."). Section 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Consistent with these statutes, Rule 9 of the Rules Governing Section 2255 Proceedings, entitled "Second or Successive Motions," also provides: "Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255." 28 U.S.C. § 2255 Rule 9.

Substantively, the Court of Appeals may certify or authorize the filing of a second or successive § 2255 motion in the district court only if it contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h)(1) and (2); *see In re Dorsainvil*, 119 F. 3d 245, 247 (3d Cir. 1997); *In re Pendleton*, __ F.3d __, 2013 WL 5486170 (3d Cir. Oct. 3, 2013).

Thus, § 2255(h), read in conjunction with § 2244(b)(3)(A) and Rule 9, establishes that a district court lacks jurisdiction over a second or successive § 2255 motion that has not been certified or authorized by the court of appeals.[2] *See United States v. Hakim,* __ F.App'x __, 2013 WL 3803895 *2 (3d Cir. July 23, 2013) ("Before a second or successive section 2255 motion may be filed

---

[2] Although the AEDPA does not define "second or successive," the Supreme Court has observed that a new application for habeas corpus relief is successive and may not be entertained by a district court, absent authorization from the circuit, where a prior application challenging the same conviction was adjudicated on the merits. *See Burton v. Stewart*, 549 U.S. 147, 153-56 (2007). A habeas petition is adjudicated on the merits when "a determination [was made] that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.. § 2254(a) and (d)." *Gonzalez v. Crosby*, 545 U.S. 524, 532 n.4 (2005).

in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the motion") (quoting *In re Olabode,* 325 F.3d 166, 169 (3d Cir. 2003)); *United States v. Hight*, 304 F.App'x 31, 32 (3d Cir. 2008) ("district courts lack jurisdiction over second or successive § 2255 motions without proper authorization from a panel of the court of appeals"); *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006) (holding that district court lacks jurisdiction over unauthorized second or successive § 2255 motion); *Farris v. United States*, 333 F. 3d 1211, 1216 (11th Cir. 2003) (same); *United States v. Miller*, 197 F. 3d at 649 ("Section 2255, as amended by AEDPA, bars second or successive habeas petitions absent exceptional circumstances and certification by the appropriate court of appeals"); *Nunez v. United States*, 96 F. 3d 990, 991 (7th Cir. 1996) (same); *cf. Burton v. Stewart*, 549 U.S. 147 (2007) (holding that district court lacks jurisdiction over unauthorized second or successive § 2254 petition). Moreover, in *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court held that a post-judgment motion in a habeas case "is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's . . . conviction. A motion that . . . challenges only the District Court's failure to reach the merits [of the habeas petition] does not warrant such treatment and can therefore be ruled upon by the District Court without precertification by the Court of Appeals pursuant to § 2244(b)(3)." *Id*. at 538.

In this case, by way of his motion to strike his adjudicated-on-the-merits § 2255 motion, Barlow asks this Court to entertain new grounds challenging his federal conviction and sentence that were not presented in his denied § 2255 motion. However, this Court lacks jurisdiction to entertain new grounds challenging Barlow's conviction and sentence, absent authorization from the Third Circuit to file a second or successive § 2255 motion. *See* 28 U.S.C. § 2244(b)(3)(A); *Blystone v. Horn*, 664 F.3d 397, 412 (3d Cir. 2011) ("A petitioner's failure to seek such authorization from the appropriate court before filing a second or successive habeas petition 'acts as a jurisdictional bar'") (quoting *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)). This Court will not allow Barlow to

evade the jurisdictional bar against second or successive § 2255 motions by moving to strike the § 2255 motion adjudicated by this Court and will, therefore, deny Barlow's motion to strike his adjudicated § 2255 motion.

B. Dismissal or Transfer

"When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). If this Court were to transfer the Barlow's submission to the Third Circuit as an application for authorization to file a second or successive § 2255 motion, the Third Circuit could not authorize the filing of a second or successive § 2255 motion unless Petitioner satisfied the standard set forth in 28 U.S.C. § 2255(h). Barlow does not allege facts indicating that a claim in his proposed § 2255 motion satisfies the gatekeeping requirements of § 2255(h). For example, Barlow does not point to any new rule of constitutional law, nor does he point to newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty. Accordingly, this Court finds that it would not be in the interest of justice to transfer Barlow's submission to the Third Circuit as an application for authorization to file a second or successive § 2255 motion. *Cf. Hatches v. Schultz*, 381 F.App'x 134, 137 (3d Cir. 2010) ("In deciding that it would not be in the interest of justice to transfer the petition to the Fourth Circuit, the District Court properly considered whether Hatches had alleged facts sufficient to bring his petition within the gatekeeping requirement of § 2255 permitting 'second or successive' petitions based upon newly discovered evidence or a new rule of constitutional law").

C. Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from an order entered on a § 2255 proceeding unless a judge issues a certificate of appealability on the ground that

7

"the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* 28 U.S.C. § 2255(d). This Court denies a certificate of appealability because jurists of reason would not find it debatable that denial of Barlow's motion is correct. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### III. CONCLUSION

Based on the foregoing, the Court denies the motion to strike and to allow Barlow to file a new § 2255 motion, and denies a certificate of appealability.

  s/Freda L. Wolfson  
**FREDA L. WOLFSON, U.S.D.J.**

DATED: October 8, 2013